# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

**UNITED STATES OF AMERICA**

**-vs-**   Case No.: 09-00221-01-CR-W-FJG

**QUENTIN NMI HENLEY**

USM Number: 12881-045

Carl Ernest Cornwell, Retained
201 East Loula, Suite 101
Olathe, KS 66061

_____

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts 1 and 7 of the Indictment on 2/3/2010. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 371 | Conspiracy to Transport Money Taken by Fraud | 01/09 | 1 |
| 18 U.S.C. 1957 & 2 | Money Laundering | 1/12/05 | 7 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) 2 through 6 are dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: November 23, 2010

/s/Fernando J. Gaitan, Jr.
FERNANDO J. GAITAN, JR.
CHIEF UNITED STATES DISTRICT JUDGE

November 23rd, 2010

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **63 Months.**
**Count 1: 60 months; Count 7: 63 months, to be served concurrently**.

The Court recommends to the Bureau of Prisons that the defendant be designated to a facility where he can develop his desire to be proficient in electronics or electrical training.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years. Count 1: 3 years; Count 7: 3 years, terms to run concurrently**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a

       law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall pay any restitution balance during the first **30 months** of supervision on the schedule set by the Court.

2. The defendant shall provide the Probation Office with access to any requested financial information.

3. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Office while court-ordered financial obligations are outstanding.

4. The defendant shall successfully participate in a substance abuse testing program, which may include urinalysis, sweat patch, or Breathalyzer testing, as approved by the Probation Office, and pay any associated costs as directed by the Probation Office.

5. The defendant shall not consume or possess alcoholic beverages or beer, including 3.2 percent beer, at any time, and shall not be present in any establishment where alcoholic beverages are the primary items for sale.

6. The defendant shall submit his person, residence, office or vehicle to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

7. The defendant shall satisfy any warrants/pending charges within the first 60 days of supervised release.

8. Defendant shall comply with the Western District of Missouri Offender Employment Guideline which may include participation in training, counseling, and/or daily job searching, as directed by the probation officer. If not in compliance with the condition of supervision requiring full-time employment at a lawful occupation, the defendant may be required to perform up to 20 hours of community service per week until employed, as approved or directed by the probation officer. The defendant shall not be employed as a loan officer or in any position related to the real estate or mortgage business.

9. The defendant shall not be self-employed unless approved by the Probation Office.

10. The defendant shall not be employed in real estate, mortgage, remodeling, or any related business unless approved by the Probation Office.

## ACKNOWLEDGMENT OF CONDITIONS

      I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

      I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____    _____  
Defendant                                                            Date

_____    _____  
United States Probation Officer                        Date

## CRIMINAL MONETARY PENALTIES

      The defendant must pay the total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| **Total Assessment** | **Total Fine** | ***Total Restitution** |
|---|---|---|
| **$200**<br>**Count 1: $100; Count 7: $100** | **Waived** | **$568,366.48** |

      The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

      Since the Court finds that the defendant does not have the ability to pay interest, any interest is waived.

You are hereby ordered to begin payment immediately and continue to make payments to the best of your ability until this obligation is satisfied. While in custody you are directed to participate in the Bureau of Prisons Financial Responsibility Program, if eligible, and upon your release from custody you shall adhere to a payment schedule as determined by the Probation Office.

| **Name of Payee** | **Total Loss** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| GMAC/ALLY<br>ATTN: Jim Gallagher<br>1100 Virginia Drive<br>Fort Washington, PA 19034<br>RE: 2317 Chelsea, KCMO | | **$33,506.52** | |

| Payee | Amount | Notes |
|---|---|---|
| Peoples Bank<br>ATTN: Derek Haverkamp<br>13180 Metcalf Ave<br>Overland Park, KS 66213 | **$54,092.64** | $28,846.64 designated for 7900 Southview, KCMO; $7,620 designated for 7705 Smalley, KCMO; $17,626 designated for 15032 Fuller Ave., Grandview, MO |
| Alterra Bank<br>ATTN: Jim Wood, CFO<br>11120 West 135th Street<br>Overland Park, KS 66221 | **$104,447.27** | $50,595.72 designated for 6808 E. 86th St., KCMO; $53,851.55 designated for 11923 Smalley, Grandview, MO |
| Bank of America, ATTN: John M. Doty,<br>Operational Risk Specialist,<br>Mail code: TX2-981-02-01<br>7105 Corporate Drive<br>Plano, TX 75024 | **$81,294.77** | $55,485.77 designated for Loan No. 135440574; $25,809 designated for Loan No. 160951235 |
| Ocwen Loan Servicing LLC<br>ATTN: Restitution Payments<br>P.O. Box 6440<br>Carol Stream, IL 60197-6440 | **$35,966.73** | HomeEq Inactive Loan No. 320635501 and Investor No. 264, Borrower: Allen Briggs |
| FDIC as Receiver for Washington Mutual Bank; ATTN: Restitution Payments<br>P.O. Box 971774<br>Dallas, TX 75397-1774 | **$26,282.14** | RE: 2735 Brooklyn Ave., KCMO |
| Mazuma Credit Union<br>ATTN: Eric Jones<br>V.P. of Business Operations<br>9300 Troost Ave<br>Kansas City, MO 64131 | **$66,017.82** | RE: 919 S. Brookside, Independence, MO |
| Lehman PMSR SASCO07-EQ1<br>Wells Fargo, ATTN: Amy Kellis<br>800 South Jordan Creek Parkway<br>West Des Moines, IA 50266 | **$68,628.21** | RE: 3230 Bellefontaine Ave., KCMO |
| CS PMSR Security Charge<br>Wells Fargo, ATTN: Amy Kellis<br>800 South Jordan Creek Parkway<br>West Des Moines, IA 50266 | **$38,785.48** | RE: 4333 Askew Ave., KCMO |
| CS Sub Chargeoff/Stop ADV<br>Wells Fargo, ATTN: Amy Kellis<br>800 South Jordan Creek Parkway<br>West Des Moines, IA 50266 | **$59,344.90** | RE: 2423 Kensington Ave., KCMO |

**Total Loss:** $777,579.55      **Total Restitution:** $ 568,366.48

Note: Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

Lump sum payment of **$568,566.48** due immediately, balance due in accordance with F below.

F. Special instructions regarding the payment of criminal monetary penalties:

If unable to pay the full amount immediately, the defendant shall make payments of at least 10 percent of earnings while incarcerated and monthly payments of $200 or 10 percent of gross household income, whichever is greater, while on supervision.

Restitution shall be paid to the victims in amounts identified in this order. The defendant may receive credit against the restitution balance for uncredited payments made on the original loans prior to foreclosure. He may also receive credit for any uncredited recovery that is subsequently received by the mortgage note holder.

All payments shall be made through the Clerk of the Court, U.S. District Court, 400 E. 9th Street, Room 1150, Kansas City, Missouri 64106.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Joint and Several with Allen V. Briggs, Case No. 10-00072-01-CR-W-HFS.